OPINION
Jeffrey Shoup appeals from a judgment of the trial court ordering him to pay 45% of his earned real estate commissions to Stanley Haper, Receiver, to satisfy a judgment in the amount of $5,500 in favor of Partha Banerjee for delinquent rent.
This litigation began in July 1998 when Partha Banerjee filed a complaint against Shoup seeking $5,500 for rent due on a property leased to Shoup in Bellbrook, Ohio. On June 21, 1999, the trial court entered judgment in favor of Banerjee in the amount sought in the complaint.
On September 9, 1999, Shoup notified the trial court through counsel that he had filed a voluntary petition in bankruptcy and an automatic stay of enforcement of the state court judgment was entered pursuant to11 U.S.C. § 362. The underlying action was dismissed without prejudice on September 11, 1999.
On October 25, 2000, the bankruptcy court entered an order finding the Banerjee judgment to be nondischargeable in bankruptcy. On January 16, 2001, the trial court reactivated its prior judgment and on March 12, 2001 appointed Stanley Haper as a receiver with respect to Shoup's real estate proprietorship as a real estate salesman. On May 9, 2001, the trial court ordered Shoup to remit 45% of his future real estate commissions to Haper on behalf of Banerjee. On June 8, 2001, Shoup appealed this judgment.
Shoup contends in this appeal that the trial court's judgment should be reversed because he contends he only earned $17,711.34 in 2000, and $3,576.00 through April 24, 2001. In aid of his argument, Shoup attached copies of his IRS Form 1099-MISC for miscellaneous income, and a letter from William Patrick, Jr. Broker/Owner of Ameri Homes On Line.com. Shoup argues he would not be able to maintain his existence and pay 45% of his real estate commissions to the receiver.
He also contends Stanley Haper should not have been appointed the receiver because he has been employed as an agent for Banerjee throughout the proceedings in violation of R.C. 2735.02.
Shoup essentially contends that the trial court's order is against the manifest weight of the evidence. Shoup has not provided us with a transcript of the proceedings below and we do not know if the trial court was provided with Shoup's 1099 forms indicating the limited nature of his income. On this record we cannot find the trial court's judgment to be erroneous as a matter of law.
He also contends the trial court erred in appointing Stanley Haper as a receiver on March 12, 2001. The trial court's order appointing a receiver is a final appealable order. See, Jamestown Village Condo Owners Ass'n v. Market Media Research, Inc. (1995), 96 Ohio App.3d 678, appeal dismissed by 71 Ohio St.3d 1444. Shoup did not appeal the March 21, 2001 order in a timely manner, that is, within 30 days of that order. See, App.R. 4. The appellant's "assignment" of error is overruled.
The judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.